IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HASSAN MUSTAPHA, :
:
    Petitioner :
:
v. : CIVIL NO. 4:CV-08-1875
:
JANINE DONATE, WARDEN, : (Judge McClure)
:
    Respondent :

## **MEMORANDUM**

October 30, 2008

**Background**

    Hassan Mustapha ("Petitioner" or "Mustapha"), a pre-trial detainee presently confined in the Lackawanna County Prison, Scranton, Pennsylvania, filed this *pro se* habeas corpus petition pursuant to 28 U.S.C.§ 2241.[1] Mustapha has paid the required filing fee. Named as Respondent is Warden Janine Donate of the Lackawanna County Prison.

    Mustapha acknowledges that he is presently facing federal conspiracy charges in this district. *See United States v. Mustapha*, Case No. 3:07-CR-341(Munley, J.). Petitioner states that he was arrested by federal law enforcement authorities on or about November 21, 2007. *See* Record document no. 1, p. 2. His pending Petition notes that he remains confined despite having been afforded three (3)

---

1. It is initially noted that a similar § 2241 action filed by Mustapha was recently dismissed by this Court on September 9, 2008. *See Mustapha v. Donate*, Civil No. 4:CV-08-1649.

1

bail hearings.[2] Mustapha initially claims that he has been improperly denied bail under 18 U.S.C. § 3142(e). He adds that the denial of bail violates his right to a speedy trial and that his prolonged pre-trial detention is unjustified.

Petitioner's second claim contends that his defense counsel is providing ineffective assistance by: (1) failing to obtain his pre-trial release on bail under the Speedy Trial Act; (2) neglecting to file various pre-trial motions; (3) not appealing the denial of bail to the United States Court of Appeals for the Third Circuit; and (4) trying to persuade Petitioner into entering a guilty plea. Mustapha further contends that he is innocent of the federal conspiracy charges presently lodged against him.

As relief, Petitioner requests that: he be released pending trial; his criminal charges proceed to trial; new criminal defense counsel be appointed to represent his interests; his criminal charges be dismissed; and that his criminal prosecution be severed from his co-defendant's case.

**Discussion**

Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. *See, e.g.*, *Mutope v. Pennsylvania Board of Probation and Parole*, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). Rule 4 is

---

2. Petitioner states that his most recent bail hearing was conducted by Judge Munley on September 17, 2008. *See id.* at ¶ 6.

applicable to § 2241 petitions under Rule 1(b). *See, e.g.*, *Patton v. Fenton,* 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Pursuant to Rule 4, a § 2241 petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." *Gorko v. Holt*, 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005) (McClure, J.)(quoting *Allen v. Perini*, 424 F.2d 134,141 (6th Cir. 1970)).

Mustapha clearly acknowledges that he has not yet been convicted or even tried of the federal criminal offenses underlying this action. Moreover, a review of Petitioner's criminal docket confirms that Judge Munley denied Mustapha's request for release on bail following a September 17, 2008 hearing. In addition, trial is presently scheduled to begin in Petitioner's criminal case on December 8, 2008.

"[S]imply being indicted and forced to stand trial is not generally an injury for constitutional purposes but is rather one of the painful obligations of citizenship." *Stolt-Nielsen, S.A. v. United States*, 442 F.3d 177, 184 (3d Cir. 2006) (internal citation omitted). The United States Court of Appeals for the Third Circuit in *Stolt-Nielsen* noted that cases like Mustapha's pending § 2241 petition should not be entertained where the applicant has an available alternative forum in which to assert his defenses to federal criminal charges. *See id.* at 185; *Deaver v. Seymour*, 822 F.2d 66, 69-70 (D.C. Cir. 1987). Petitioner's ongoing federal criminal proceedings before Judge Munley are clearly an available and adequate venue by which he may raise his present arguments and request for pre-trial release.

Furthermore, as noted in this Court's September 9, 2008 dismissal of Mustapha's prior habeas corpus petition, if Petitioner is convicted of the criminal

charges pending before Judge Munley, his remedy would be to pursue a direct appeal, and if not successful, to then seek collateral relief under 28 U.S.C. § 2255.

As explained by the September 9, 2008 Memorandum, since Petitioner can litigate the merits of his present allegations in his ongoing federal criminal prosecution, or thereafter before the Court of Appeals, his present challenges to the legality of his ongoing federal criminal prosecution and pre-trial detention are simply not properly asserted via a § 2241 habeas corpus petition. Mustapha's second petition for writ of habeas corpus will be dismissed without prejudice. An appropriate Order will enter.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HASSAN MUSTAPHA, :
:
    Petitioner :
:
v. : CIVIL NO. 4:CV-08-1875
:
JANINE DONATE, WARDEN, :
: (Judge McClure)
    Respondent :

## **ORDER**

October 30, 2008

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Mustapha's habeas corpus petition is DISMISSED WITHOUT PREJUDICE.
2. The Clerk of Court is directed to CLOSE the case.
3. Based on the Court's determination herein, there is no basis for the issuance of a Certificate of Appealability.

          s/ James F. McClure, Jr.
          James F. McClure, Jr.
          United States District Judge